```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                           FRANKFORT
```

| | |
|---|---|
| WALLACE G. ENGLISH, | ) |
| Plaintiff, | ) Civil Action No. 3:04-7-JMH |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| UNIVERSITY OF HAWAII, | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant's motion to dismiss [Record No. 14]. Plaintiff filed a response [Record No. 17], to which Defendant replied [Record No. 20]. This matter is now ripe for review.

**FACTUAL BACKGROUND**

In February of 1997, University of Hawaii head football coach Fred Von Appen offered Plaintiff Wallace G. English a job as an assistant football coach. Plaintiff claims that he and Von Appen orally agreed that Plaintiff was to be hired for a two-year term. According to Defendant University of Hawaii, the written contract between the parties called for a one-year term of employment lasting from April 1, 1997 to March 31, 1998.[1] Plaintiff coached for a year at Hawaii, and in February of 1998, he was notified that his employment would be terminated at the end of his written contract.

---

[1] Plaintiff has not disputed that the written contract expired on March 31, 1998.

**PROCEDURAL BACKGROUND**

Plaintiff Wallace G. English, a Kentucky resident, filed this action for breach of contract against Defendant University of Hawaii on February 13, 2004, alleging jurisdiction based on diversity of citizenship. Plaintiff seeks $90,000 in damages for lost salary and reimbursement for other costs incurred on the job in Hawaii. On August 22, 2005, Defendant filed a motion to dismiss [Record No. 14], claiming that under the Eleventh Amendment, the Court lacks subject matter jurisdiction. Plaintiff responded [Record No. 17], asserting that the protection of the Eleventh Amendment does not extend to suits arising out of a college football program. Defendant replied [Record No. 20], reiterating its contention that the University is an arm of the state for purposes of the Eleventh Amendment, and that any damages assessed against the University would be paid out of the state's treasury.

**STANDARD OF REVIEW**

A district court considering a motion to dismiss must "assume that all allegations are true and dismiss the claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Golden v. City of Columbus*, 404 F.3d 950, 959 (6th Cir. 2005) (internal quotation marks omitted). A Rule 12(b)(6) motion tests the sufficiency of the pleadings and is "not a challenge to the plaintiff's factual allegations." *Id.* at 959.

**DISCUSSION**

**A.  The Eleventh Amendment**

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Plaintiff, a resident of Kentucky, seeks to sue the University of Hawaii for damages arising out of a contract. Absent an applicable exception, this type of case is prohibited by a plain reading of the Eleventh Amendment from being brought in federal court.

Plaintiff acknowledges that none of the standard exceptions to Eleventh Amendment immunity apply.  The State of Hawaii has not waived its immunity from suit, nor has Congress abrogated Hawaii's sovereign immunity in this type of case.  Plaintiff does not merely seek prospective injunctive relief against a state officer pursuant to *Ex parte Young*, 209 U.S. 123 (1908), but rather seeks monetary damages.

**B.  Universities as Arms of the State**

Plaintiff argues instead that the University of Hawaii should not be considered an arm of the state protected by the Eleventh Amendment for damages arising out the operation of its football program.  Although immunity for state-funded universities depends on the facts of each case, they generally are considered arms of

the state, protected from suit in federal court by the Eleventh Amendment. *See, e.g.*, *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-31 (1997); *Robinson v. Univ. of Akron Sch. of Law*, 307 F.3d 409, 412-13 (6th Cir. 2002). In the only recent case considering the University of Hawaii's entitlement to Eleventh Amendment protection, the United States District Court for Hawaii examined the structure of the University and concluded that the University was an arm of the state for purposes of the Eleventh Amendment. *See Mukaida v. Univ. of Haw.*, 159 F. Supp. 2d 1211, 1221-22 (D. Haw. 2001), *aff'd*, 85 Fed. App. 631 (9th Cir. 2004). Plaintiff does not dispute the findings in that case, nor does he contest that in general the University of Hawaii is covered: "[The University of] Hawaii is considered an agency of the state, serving the function of public education." (Pl.'s Resp. 3).

**C. Distinguishing Between Academic and Athletic Activities**

Plaintiff's argument, rather, is that the protection of the Eleventh Amendment should not extend to civil actions arising out of the operation of the school's football program. In contrast to the University generally, whose purpose is governmental, Plaintiff asserts that the football program is "a commercial activity . . . [and] big business." *Id.* Therefore, according to Plaintiff, the Eleventh Amendment does not bar suit in federal court.

Plaintiff cites no case law supporting a distinction between suing a state college or university over its educational activities

4

and suing it over its athletic program.[2] In fact, a search of the case law reveals many cases in which courts have held that the Eleventh Amendment bars suits against state-funded universities arising out of athletic programs. For example, in *Graham v. NCAA*, 804 F.2d 953 (6th Cir. 1986), two former University of Louisville football players brought a § 1983 action against the school, the football coach, and the athletic director, alleging that they had been improperly dismissed from the team, and that the athletic department had not properly processed their paperwork when they tried to transfer to other schools. The Sixth Circuit held that their claims against the university, the coach, and the athletic director were barred by the Eleventh Amendment. *See id.* at 959-60.

Many other courts have held the same. *See, e.g.*, *Karmanos v. Baker*, 816 F.2d 258, 259 n.2 (6th Cir. 1987) (dismissing § 1983 action against university athletic director brought by hockey player declared ineligible to play); *Smith v. Plati*, 258 F.3d 1167, 1171 (10th Cir. 2001) (affirming dismissal of free speech suit brought against university and assistant athletic director by fan-website operator); *Davis v. Kent State Univ.*, 928 F. Supp. 729, 732 (N.D. Ohio 1996) (dismissing race discrimination suit brought by

---

[2] Defendant rejects the idea that the athletic program is separable from the University's educational mission in the first place, asserting that the athletic program has important benefits for the University community as a whole. However, for purposes of this motion, the facts must be taken in the light most favorable to Plaintiff.

former college gymnast against university and gymnastics coach); *Adams v. Kansas State Univ.*, 27 F. Supp. 2d 469, 471-72 (S.D.N.Y. 1998) (dismissing breach of contract claims against university and coaches by track athlete who lost scholarship after being declared academically ineligible); *Braswell v. Bd. of Regents*, 369 F. Supp. 2d 1371, 1375-76 (N.D. Ga. 2005) (dismissing religious discrimination suit brought by former cheerleading coach against athletic director and other university officials).

The Court finds no contrary authority. Therefore, Plaintiff's argument that suits arising out of athletic programs should be treated differently than other suits against state-funded universities is unpersuasive.[3]

## CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

---

[3] Plaintiff may have attempted to raise a second argument why his suit should not be barred by the Eleventh Amendment, but it too is unpersuasive. Plaintiff points out that a nonprofit organization, Ahahui Koa Anuenue ("AKA"), has raised over $18 million for the University of Hawaii's athletic programs, and Plaintiff has attached press releases and brochures from AKA to his response to the instant motion. Plaintiff does not specify why he believes this is relevant, but it appears either that this is merely to support his contention that college football is "big business," or else that it is offered to imply that AKA, not the University, would raise money to pay off any judgment arising out of the football program. Even if the latter is what Plaintiff intends, and even assuming it is true that AKA would pay the judgment, this would not change the result of this case. The Supreme Court has made it clear that the Eleventh Amendment bars suits against states for money damages even when a third party would actually be the one responsible for making payments. *See Regents of the University of California v. Doe*, 519 U.S. 425, 431 (1997).

(1) That Defendant's motion to dismiss [Record No. 14] be, and the same hereby is, **GRANTED**.

(2) That all of Plaintiff's claims be, and the same hereby are, **DISMISSED WITH PREJUDICE**.

This the 5th day of October, 2005.



Signed By:

*Joseph M. Hood*

United States District Judge